LOUIS T. JAMISON, plaintiff in error, *v.* JOHN DOE, *ex dem.* JOHN B. BEAUBIEN, defendant in error.

*Error to Cook.*

On the trial of an action of ejectment, where the plaintiff's lessor claims title under a purchase, by him, from the United States, by preëmption, it is competent for the defendant to show, by parol, that the preëmption was obtained through fraud and collusion with the land officers who allowed the same.

Fraud vitiates all acts, as between the parties to it; and is cognizable in a court of law, as well as in equity.

In cases of fraud, a court of law has concurrent jurisdiction with a court of equity.

THIS was an action of *ejectment*, instituted by Beaubien in the Cook Circuit Court, against Jamison, to recover the possession of lots one [1] and two [2] in block one, [1] in Beaubien's Addition to Chicago.

On the trial in the Court below, after Beaubien had proved the purchase of the premises by preëmption, Jamison, who was in possession of the same, under the authority of the United States, offered to prove that the preëmption under which Beaubien purchased the premises, was obtained by fraud and collusion between him and the land officers who allowed the same; said land officers and Beaubien knowing, at the time, that said premises were a military reservation and fortification of the United States, and in the actual occupation and possession of the regular army of the United States, and not subject to preëmption. The Court refused to admit the proof, and the defendant excepted to the decision of the Court. Many other exceptions were taken during the trial of the cause, but as the decision of the Court is based exclusively upon this point, the others are not stated.

The cause was heard in the Court below, at the May term, 1838, before the Hon. John Pearson and a jury. Verdict was rendered for the plaintiff, and the damages assessed at $100. Judgment was rendered on this verdict. The cause was brought to this Court by writ of error.

B. S. MORRIS, J. BUTTERFIELD, J. H. COLLINS, and D. J. BAKER, for the plaintiff in error, contended, that all contracts,

specialties, and transactions tainted with fraud, are void, though fraud does not appear on the face of them. 2 Stark. Ev. 586 ; 3 T. R. 418 ; Chit. on Cont. 81, 222 ; 2 Saund. on Plead. and Ev. 527, 528. A written instrument may be impeached by extrinsic evidence, on the ground of fraud, even in the case of a record. 3 Stark. Ev. 995, 1015. Parol evidence is admissible to defeat a written instrument, on the ground of fraud, mistake, &c. 3 Stark. Ev. 995. Fraud may be proved by parol evidence, or any cir- cumstances, however contrary to apparent facts or statements, in the written instrument. 2 Saund. on Plead. and Ev. Fraud is an extrinsic collateral act, which vitiates all transactions, even the most solemn proceedings of courts of justice. Lord Coke says, it avoids all judicial acts, ecclesiastical or temporal. 2 Stark. Ev., Fraud 340, *et seq.* and notes. Where fraud depends on the real intention of the parties, that intention is a question of fact for the jury. 2 Stark. Ev. 358 and notes. Where the fraud can be clearly established, courts of law exercise a concurrent jurisdiction with courts of equity ; and will relieve, by making void the instru- ment obtained by such corrupt agreement or fraud. 1 Tomlin's Dict. 840, Fraud, referring to 1 Burr. 396 ; Wood's Just. 296. Every kind of fraud is equally cognizable and adverted to in a court of law ; [as it is in a court of equity ;] and some frauds are cognizable only there, as fraud in obtaining a devise of lands, which is always sent out of the equity courts, to be there deter- mined. 3 Blac. Com. 431.

GILES SPRING and F. PEYTON, for the defendant in error, con- tended, that the defendant below had no right to show fraud ; that he had no interest in the premises, and no right to object to the sale in behalf of the Government. They relied on 4 Peters' Cond. R. 652, in support of the proposition that the Government is bound, nothwithstanding the fraud of its officers.

SMITH, Justice, delivered the opinion of the (old) Court :
This case is brought up from the Circuit Court of Cook county, on a writ of error. Numerous errors are assigned, predicated on the exclusion of various matters, offered to be given in evidence by the defendant, on the trial. That embraced in the thirteenth assign- ment will alone be considered ; as it is clear from the character of the proof excluded, the decision by which such proof was excluded is erroneous.

It appears, that the evidence offered was tendered with the ex- pressed design of impeaching the preëmption granted, on the ground of fraud. The testimony offered and rejected, was, that the preëmption, under which the lessor of the plaintiff claimed to have entered and purchased the premises in question, was obtained by the said lessor, by fraud and collusion, between him and the land officers who allowed such preëmption.

The single proposition then, arising out of the evidence offered and excluded, is, whether the certificate of purchase and sale, by preëmption, of a tract of land of the United States, can be impeached on the ground of fraud, in its obtention, between the preëmptor and the officers granting it. Fraud, it is said, vitiates all acts, as between the parties to it; nor can there be a doubt, that fraud is cognizable in a court of law, as well as equity. It is an admitted principle, that a court of law has concurrent jurisdiction with a court of equity, in cases of fraud. (1)

The evidence offered went directly to the validity of the certificate of preëmption purchase. If it had its inception in fraud, it was certainly competent for the defendant to show the fact; and if the officers granting it were parties to the fraudulent act, it was no doubt void; and might be impeached in an enquiry in which the preëmptor was a.party.

The exclusion of the evidence offered, was evidently erroneous, and for such cause the judgment should be reversed, and the cause remanded, with instruction to the Circuit Court to award a *venire facias de novo.*

*Judgment reversed.*

(1) 8 Peters 244; 12 Peters 11; 1 Peters' Cond. R. 539.